Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1806 | **DATE** | March 28, 2012 |
| **CASE TITLE** | DEBRA LEWIS v. THE MARMON GROUP LLC | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Defendant The Marmon Group's Motion to Dismiss [23]. This case is closed. All pending dates and motions are terminated as moot.

■[For further detail see below.]  Docketing to mail notice and AO-450.

## STATEMENT

Plaintiff Debra A. Lewis brings this action *pro se* against The Marmon Group, LLC alleging that it discriminated against her and ultimately terminated her on the basis of her race. Lewis's complaint also purports to state claims for "breach of contract, IL whistleblower act, [and] retaliatory discharge." (Dckt. No. 30 at 21.) Marmon has moved to dismiss, arguing that Lewis cannot state a claim under Title VII for employment discrimination because she was an independent contractor, rather than an employee. Marmon also argues that because her Title VII claim fails, the Court lacks jurisdiction over Lewis's remaining state law claims.

**I. Factual Background**

Debra Lewis filed her original complaint in this case on March 12, 2011, using an employment discrimination *pro se* complaint form provided by the Clerk of Court. Section 13 of that form directs *pro se* litigants to state the facts supporting their claims of discrimination. Lewis completed that section by writing in this very brief account of the event surrounding her claim:

> The Defendants: 1) made comments in regards to my race; 2) falsely accused me in [sic] being involved with funds [that] were stolen from the company in regards to my race; 3) I was not given the same treatment as whites when it came to pay, payment and the manner of how my employment was terminated. (Compl. ¶ 13.)

Marmon moved to dismiss Lewis's complaint, arguing that she cannot recover for race based discrimination under Title VII because she worked for them as an independent contractor. Lewis then filed a memorandum in opposition to the motion to dismiss, which both responds to Defendant's legal arguments and requests leave to file an amended complaint (which Lewis attached to her Response) aimed at curing the deficiencies in her

original complaint. The Court grants Lewis's motion for leave to file an Amended Complaint. Defendant voiced no opposition to the filing, and it also addressed the allegations contained therein in its reply brief.

Lewis's amended complaint provides more detail about the events giving rise to this lawsuit. Lewis worked as an contractor for Marmon on a "Legal Department Bill Payment System Project." In December 2009, Lewis was summoned for a meeting with Robert Webb, Marmon Senior Vice President and General Counsel. In that meeting, Webb told Lewis that Marmon would be ending her contract and she needed to wrap up her work by the end of January. When Lewis asked why, Webb stated that "there has been a theft." He also said, "you people want to be treated fair but you just don't get it." When Lewis asked what Webb meant by "you people," and if he meant black people, he responded, "you got it."

Several days later, Lewis was summoned for another meeting with Webb. In that meeting, he apologized for accusing her of theft and stated: "You had nothing to do with the theft but, you have knowledge of how the theft took place." Lewis apparently did have information regarding some type of internal billing fraud, and she gave that information to Webb. Marmon then made Lewis share that information with people involved in investigating fraud, including outside lawyers and an FBI agent. When Lewis complained about having to spend so much time with those investigators, Marmon told her that (1) they were considering extending her contract, and (2) she might qualify for "the Whistle Blower payout" thanks to her assistance. Some time later, Marmon informed Lewis that they had decided not to extend her contract. Her last day was March 2, 2010.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff, as well as any reasonable inferences that can be drawn from those facts. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47(1957)).

Complaints filed by *pro se* plaintiffs are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, *pro se* "litigants are not exempt from procedural rules," *Jones v. Mem'l Hosp. of South Bend, Inc.,* 301 Fed. Appx. 548, 548 (7th Cir. 2008). And, "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007).

## III. Analysis

Marmon argues that Lewis's Title VII claim fails because Lewis was not Marmon's employee. Title VII prohibits discrimination and retaliation by an employer against an employee; independent contractors are not protected by Title VII. 42 U.S.C. 2000e2(a)-3(a); *Knight v. United Farm Bureau Mut. Ins. Co.,* 950 F.2d 377, 380 (7th Cir. 1991). The label "independent contractor" in a contract is not binding for the purposes of Title VII. Rather, Courts employ the "economic realities test" to determine whether a worker is an employee or an independent contractor. *Knight,* 950 F.2d at 378. Courts consider the following factors: (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance operations; (4) method and form of payment and benefits; and (5) length of job commitment

and/or expectations. *Worth v. Tyer,* 276 F.3d 249, 263 (7th Cir. 2001) (quoting *Knight,* 742 F.Supp. at 521). The most important factor is the employer's right to control the worker's actions. *Id.* (stating that "[i]f an employer has the right to control and direct the work of an individual, not only as to the result to be achieved, but also as to the details by which that result is achieved, and employer/employee relationship is likely to exist") (quoting *Spirides v. Reinhardt,* 613 F.2d 826, 831-32 (D.C.Cir. 1979)).

Although a court's determination of whether a plaintiff is an employee or independent contractor generally involves factual questions that cannot be resolved on a motion to dismiss, a plaintiff can effectively plead herself out of court by conceding non-employee status in a complaint. *Talley v. Lane,* 13 F.3d 1031, 1033 (7th Cir.1994) (*pro se* plaintiff plead herself out of court by alleging facts showing that she was not entitled to judgment); *Savage v. Pepsi-Cola Gen. Bottlers*, Inc., No. 09 C 984, 2009 WL 1605999, at *2 (N.D.Ill. June 8, 2009) (granting motion to dismiss employment discrimination complaint where plaintiff effectively conceded non-employee status); *Tania Consulting Serv., Inc. v. City of Chicago,* No. 06 C 3562, 2007 WL 1052503, at *6-7 (N.D.Ill. April 5, 2007) (same).

Even drawing all reasonable inferences in Lewis's favor, the Court cannot conclude that she has pled employee status, because Lewis does not allege that she was an employee and effectively concedes that she was an independent contractor elsewhere in her complaint. Lewis was hired by Marmon on a contract basis to design and implement an electronic billing system for the Marmon Law Department. Lewis states that she was a "contractor" and that she submitted invoices to Marmon for payment. The complaint also indicates that Lewis worked without much Marmon supervision on project-based assignments. Lewis, for example, alleges that when Webb first told Lewis he would terminate her "contract," Lewis responded by stating that "we are far from done." The Complaint also states that Lewis's time at Marmon ended because "they had decided not to extend my contract." Those allegations preclude the Court from finding that Lewis has successfully alleged employee status under Title VII.

Accordingly, Lewis cannot state a claim under Title VII for employment discrimination. Because Lewis's Title VII claim fails, the Court lacks jurisdiction over her remaining state law claims for breach of contract, breach of the Illinois Whistleblower Act, and retaliatory discharge. The Complaint is dismissed with prejudice.